JOURNAL ENTRY AND OPINION
{¶ 1} In March 2006, plaintiffs-appellants Timothy Barry and his parents, Thomas and Jacqueline Barry, filed this employer intentional tort action against defendant-appellee A.E. Steel Erectors, Inc. and four other defendants (all of whom were later voluntarily dismissed) for injuries Timothy sustained when he fell approximately 40 feet from a construction project at the Cleveland Clinic. Timothy was employed by A.E. Steel at the time. Timothy and his co-workers had been performing their job duties high in the structure without fall protection equipment mandated by the federal Occupational Safety and Health Administration. A.E. Steel answered, denying liability.
 {¶ 2} A.E. Steel subsequently filed a motion to dismiss, in which it argued that appellants had failed to allege that Timothy's injuries had been caused "deliberately" as required by R.C. 2745.01, Ohio's latest workplace intentional tort statute. The trial court denied the motion. At a subsequent status conference, it was agreed that the court would address the constitutionality of R.C. 2745.01 before considering appellants' liability claims.
 {¶ 3} Appellants then filed their first amended complaint, in which they requested a declaratory judgment regarding the constitutionality of the statute. A.E. Steel filed an answer denying liability. Both appellants and A.E. Steel *Page 4 
subsequently filed motions for summary judgment regarding the constitutionality of the statute.
 {¶ 4} The trial court granted A.E. Steel's motion for summary judgment and denied appellants' motion. The trial court held that R.C. 2745.01
was "duly enacted," because a properly enacted statute is presumed constitutional and the Ohio legislature has the authority to alter, modify, or reject the common law. The trial court further held that, under the statute, appellants had not set forth any evidence establishing that A.E. Steel acted with a deliberate intent to injure Timothy and, therefore, A.E. Steel was entitled to judgment as a matter of law.
The parties subsequently reached an agreement regarding the issue of damages and liability for Timothy's fall. The parties agreed upon certain payments contingent upon the courts' rulings on the constitutionality and interpretation of R.C. 2745.01. Hence, the only issue for this court is the constitutionality of R.C. 2745.01, addressed in appellants' first assignment of error. Appellants' second assignment of error regarding whether the trial court properly granted summary judgment to A.E. Steel on appellants' liability claims is moot due to the settlement and agreement of the parties.
 i. Standard of Review {¶ 5} Legislative enactments enjoy a strong presumption of validity.State v. Anderson (1991), 57 Ohio St.3d 168, 171. Nevertheless, "when the validity of a *Page 5 
statute is challenged on constitutional grounds, the function of the court is to determine whether it transcends the limits of legislative power." State, ex rel. Bishop v. Bd. of Edn. (1942), 139 Ohio St. 427,438. "[I]f the legislation at issue exceeds the limits of legislative power, we must protect the rights of the citizens effected by the law and, * * * declare the legislation invalid." Johnson v. BP Chemicals,Inc., 85 Ohio St.3d 298, 303, 1999-Ohio-267.
 {¶ 6} Prior Legislative Attempts to Codify Employer IntentionalTorts
 {¶ 7} Section 34, Article II of the Ohio Constitution provides that "[l]aws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and general welfare of all employe[e]s * * *."
 {¶ 8} Section 35, Article II, provides the General Assembly with the power to pass laws establishing a state workers' compensation fund "[f]or the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment."
 {¶ 9} While Ohio's workers' compensation system provides employees with the primary means of compensation for job related injuries, an employee may institute a tort action against the employer when the employer's conduct *Page 6 
constitutes an intentional tort. Blankenship v. Cincinnati MilacronChemicals, Inc. (1982), 69 Ohio St.2d 608. In Blankenship, the Ohio Supreme Court reasoned that such claims were allowed, because "an employer's deliberately injurious act did not arise out of the employment relationship, was not a natural hazard of employment, and therefore, ipso facto, fell outside the Workers' Compensation Act."Brady v. Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, 631. Subsequently, in Jones v. VIP Dev. Co. (1984), 15 Ohio St.3d 90, the Ohio Supreme Court set forth the parameters of a common law intentional tort claim.
 {¶ 10} In response, the Ohio legislature enacted R.C. 4121.80 to govern actions alleging intentional torts committed by employers against their employees.[1] However, in Brady, supra, the Ohio Supreme Court held R.C. 4121.80 to be unconstitutional in its entirety. The Supreme Court found R.C. 4121.80 "totally repugnant" to Section 34, Article II, of the Ohio Constitution, because "[a] legislative enactment that attempts to remove a right to a remedy under common law that would otherwise benefit the employee cannot be held to *Page 7 
be a law that furthers the `* * * comfort, health, safety and general welfare of all employees * * *.'" Brady at 633.
 {¶ 11} The Ohio Supreme Court further held that R.C. 4121.80 attempted to "circumvent completely" the purpose of Section 35, Article II of the Ohio Constitution, which "is to create a source of compensation for workers injured or killed in the course of employment." Brady at 633. (Emphasis in original.) The Supreme Court reiterated its "firm belief that "the legislature cannot, consistent with Section 35, Article II, enact legislation governing intentional torts that occur within the employment relationship, because such intentional tortious conduct willalways take place outside that relationship." Brady at 634, citingBlankenship. (Emphasis added.) Therefore, the Supreme Court reasoned, "[s]ince we find that Section 35, Article II authorizes only enactment of laws encompassing death, injuries or occupational disease occasionedwithin the employment relationship, R.C. 4121.80 cannot logically withstand constitutional scrutiny, inasmuch as it attempts to regulate an area that is beyond the reach of its constitutional empowerment." Id.[2] (Emphasis added.) *Page 8 
 {¶ 12} In Koziol v. Quality Stamping Products (Mar. 5, 1992), 8th Dist. No. 59941, this court interpreted the holding of Brady to establish that, "[t]he area of intentional tort is not one in which the legislature has the authority to legislate an employee's recourse because it occurs outside of the employment relationship." Id.
 {¶ 13} After Brady, in yet another attempt to govern when and under what circumstances an intentional tort claim can be commenced and maintained by an employee against his employer, the Ohio legislature enacted R.C. 2745.01, effective November 1, 1995. In Section 3 of the bill, the General Assembly declared its intent to supersede the effects of the Ohio Supreme Court decisions regarding employer intentional torts, and to establish statutory standards, different from the common law, with respect to intentional torts in the workplace. R.C. 2745.01(A) purported to limit an "employment intentional tort" claim to only those where "the employer deliberately and intentionally injures, causes an occupational disease of, or causes the death of an employee."
 {¶ 14} The Ohio Supreme Court addressed the constitutionality of R.C. 2745.01 in Johnson, supra, and found it unconstitutional in its entirety. In no uncertain terms, the court confirmed that legislative interference with workplace intentional torts is flatly prohibited: *Page 9 
 {¶ 15} "In Brady, the court invalidated former R.C. 4121.80 in its entirety, and, in doing so, we thought that we had made it abundantly clear that any statute created to provide employers with immunity from liability for their intentional tortious conduct cannot withstand constitutional scrutiny. Notwithstanding, the General Assembly has enacted R.C. 2745.01 and, again, seeks to cloak employers with immunity. In this regard, we can only assume that the General Assembly has either failed to grasp the import of our holdings in Brady or that the General Assembly has simply elected to willfully disregard that decision. In any event, we will state again our holdings in Brady and hopefully put to rest any confusion that seems to exist with the General Assembly in this area." Id. at 304.
 {¶ 16} The Johnson court found that the same "constitutional impediments" regarding Sections 34 and 35, Article II of the Ohio Constitution at issue in Brady with respect to former R.C. 4121.80
applied with equal force to R.C. 2745.01, because both statutes were enacted with the same purpose: to provide immunity for employers from civil liability for employee injuries, disease, or death caused by the intentional tortious conduct of employers in the workplace.Johnson at 305. The Supreme Court further found that the requirements of R.C. 2745.01 (to recover any damages, an employee had to prove by clear and convincing evidence that his employer's actions were both deliberate and *Page 10 
intentional) were so "unreasonable and excessive" that the chance of recovery of damages by employees for intentional torts committed by employers in the workplace was "virtually zero" and that the General Assembly had created a cause of action that was "simply illusory." Id. at 306-307. In light of these "excessive standards," which essentially immunized employers from liability for intentional torts, theJohnson court found that R.C. 2745.01 violated Section 34, Article II, of the Ohio Constitution, as it did not further the "comfort, health, safety and general welfare of all employe[e]s." Id. at 308. Additionally, the Supreme Court found that R.C. 2745.01 violated Section 35, Article II, of the Ohio Constitution, because it was an attempt by the General Assembly to govern intentional torts occurringwithin the employment relationship, an area "that is beyond the reach of constitutional empowerment." Id., citing Brady at 634. Accordingly, theJohnson court held R.C. 2745.01 unconstitutional in its entirety.
 a. Constitutionality of R.C. 2745.01 {¶ 17} The latest version of R.C. 2745.01 became effective April 7, 2005. Under this version of the statute, an employer is not liable in an action for damages resulting from an intentional tort unless the employee proves that the employer committed the act "with the intent to injure another or with the belief that the injury was substantially certain to occur." The statute defines *Page 11 
"substantially certain" to mean that an employer acts with "deliberate intent" to cause an employee to suffer an injury, disease, condition, or death.
 {¶ 18} In their first assignment of error, appellants contend that the trial court erred in finding R.C. 2745.01 constitutional. We agree. In light of the precedents established by the Ohio Supreme Court inBrady and Johnson, supra, and this court's holding in Koziol, supra, the trial court erred in finding R.C. 2745.01 constitutional.
 {¶ 19} First, R.C. 2745.01 represents an invalid exercise of legislative authority, in violation of Section 35, Article II of the Ohio Constitution, as it attempts to legislate employer intentional torts that occur within the employment relationship. As the Ohio Supreme Court has made clear, any legislation governing employer intentional torts within the employment relationship cannot withstand constitutional scrutiny, as such intentional tortious conduct always takes place outside that relationship. Johnson at 305, citing Blankenship, supra. See, also, Koziol, supra.
 {¶ 20} Second, the legislature's latest effort to restrict workplace intentional tort claims is indistinguishable from its earlier attempts to do so-all of which the Ohio Supreme Court has found unconstitutional. While the phraseology utilized in the latest enactment may be slightly different from its *Page 12 
predecessors, the outcome is precisely the same: employers are immunized from liability for their intentional tortious conduct.
 {¶ 21} We agree with the Seventh District's analysis, as set forth inKaminski v. Metal Wire Prod. Co., 175 Ohio App.3d 227, 2008-Ohio-1521, at ¶ 31-32, that the latest version of R.C. 2745.01, which saddles victims of workplace accidents with an insurmountable "deliberate intent" standard, essentially immunizes employers from liability for their intentional tortious conduct, because it sets forth only an illusory cause of action. As stated in Kaminski:
 {¶ 22} "R.C. 2745.01(A) provides that in an employer intentional tort action, the employee must prove `that the employer committed the tortious act with the intent to injure another or with the belief thatthe injury was substantially certain to occur (Emphasis in original.) Thus, pursuant to section A, in order to succeed on the claim, the employee must prove one of two things: (1) the employer acted with intent to injure or (2) the employer acted with the belief that injury was substantially certain to occur. This leads one to believe that there are two alternate ways for an employee to succeed on an intentional tort claim against an employer. However, we must consider the rest of the statute. *Page 13 
 {¶ 23} "`Intent to injure' is clear and therefore is not defined in the statute. `Substantially certain,' however, is not as clear. Therefore, the legislature provided a definition. R.C. 2745.01(B) defines substantially certain as acting `with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.'
 {¶ 24} "When we consider the definition of `substantial certainty,' it becomes apparent that an employee does not have two ways to prove an intentional tort claim as R.C. 2745.01(A) suggests. The employee's two options of proof become: (1) the employer acted with intent to injure or (2) the employer acted with deliberate intent to injure. Thus, under R.C. 2745.01, the only way an employee can recover is if the employer acted with the intent to cause injury. The Johnson court held that this type of action was simply illusory[.]" Kaminski at ¶ 29-31.
 {¶ 25} As in Kaminski, we find no distinction between the two methods of proof. To prevail under either method an employee must demonstrate a deliberate intent to injure. Such requirements create an insurmountable burden for employees and thus an illusory cause of action.
 {¶ 26} "By establishing the foregoing standards in R.C. 2745.01, the General Assembly has created a cause of action that is simply illusory. Under the definitional requirements contained in the statute, an employer's conduct, in *Page 14 
order to create civil liability, must be both deliberate and intentional. Therefore, in order to prove an intentional tort in accordance with R.C. 2745.01 * * *, the employee, or his or her survivors, must prove, at a minimum, that the actions of the employer amount to [a criminal act.] In fact, given the elements imposed by the statute, it is even conceivable that an employer might actually be guilty of a criminal assault but exempt from civil liability under R.C. 2745.01 * * *."Johnson at 306-307.
 {¶ 27} By creating a cause of action that is merely illusory, R.C. 2745.01 has eliminated an employee's right to a cause of action for an employer intentional tort that would otherwise benefit the employee. Thus, R.C. 2745.01 conflicts with Section 34, Article II of the Ohio Constitution, as it does not further the "comfort, health, safety and general welfare of all employe[e]s." Furthermore, by creating an illusory cause of action, the legislature has immunized employers from liability. As the Ohio Supreme Court has made clear, however, "any statute created to provide employers with immunity from liability for their intentional tortious conduct cannot withstand constitutional scrutiny." Johnson at 304.
 {¶ 28} Appellants also argue that R.C. 2745.01 violates the due process and equal protection clauses of the Ohio Constitution, and infringes on the rights to jury trial and open courts as guaranteed by the Ohio Constitution. As we find *Page 15 
R.C. 2745.01 unconstitutional because it exceeds and conflicts with the legislative authority granted to the General Assembly pursuant to Sections 34 and 35 of the Ohio Constitution, no further analysis is necessary. We note, however, that in Johnson, the Ohio Supreme Court affirmed its agreement with the appellate court's judgment finding that former R.C. 2745.01, which we find indistinguishable from the current version of R.C. 2745.01, "denied employees equal protection of the law in violation of Section 2, Article I of the Ohio Constitution, and * * * also violated the open courts provision, Section 16, Article I." Id. at 308, fn. 14.
 {¶ 29} Appellants' first assignment of error is sustained.
 {¶ 30} Reversed and remanded.
It is ordered that appellants recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and ANN DYKE, J., CONCUR
[1] R.C. 4121.80 provided that an employee had a claim for damages in excess of those received under Chapter 4123 for injury, disease, or death resulting from the intentional tort of his employer. The statute defined "intentional tort" as "an act committed with the intent to injure another or committed with the belief that the injury is substantially certain to occur." The statute provided that "`substantially certain' means that an employer acts with deliberate intent to cause an employee to suffer injury, disease, condition, or death." The statute further provided that the court was limited to a determination of whether the employer was liable for damages; if the court determined the employer was liable, the Industrial Commission was to determine the amount of damages to be awarded. The statute provided for a cap on damages.
[2] In State ex rel. Ohio AFL-CIO v. Voinovich (1994),69 Ohio St.3d 225, 230, the Ohio Supreme Court restated its holding in Brady that "intentional torts are completely unrelated to workers' compensation and the employment relationship." *Page 1