OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, Demia Shanklin, appeals the judgment of the Licking County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee, JEM at 21st Street.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Appellant was employed as a food preparer at the McDonald's restaurant located on 21st Street in Newark, Ohio, owned and operated by Appellee. On May 26, 2006, Appellant arrived early to work around 8:30 a.m. and began to prepare breakfast sandwiches. In the busy food preparation area, Appellant noticed that one of the microwave ovens, called a "quing oven," was moved from its usual location under a work-table to the top of a bun dolly outside the manager's office.
 {¶ 3} That same morning, the maintenance department of JKB Management was notified that a microwave oven was not operating at the McDonald's restaurant located at 21st Street. Don Robertson and Jim Coontz were sent to repair it. Appellant saw these two individuals working on the microwave oven while she was working in the food preparation area.
 {¶ 4} In order to make repairs on the microwave oven, Robertson moved it from its location near the manager's office to the food preparation area where the oven would be directly underneath its dedicated plug-in at ceiling level in the restaurant. Robertson inspected the microwave oven and determined that it was not operating because the electrical plug was bad. Robertson went to his van to retrieve the necessary parts, replaced the electrical plug on the microwave oven, plugged the microwave oven into its dedicated plug, but the microwave oven still did not work. *Page 3 
 {¶ 5} Robertson unplugged the oven and then removed the stainless steel housing unit covering the microwave oven, exposing the electrical components of the microwave. Upon examination, Robertson determined that a fuse had blown within the microwave. Robertson replaced the fuse and, without replacing the housing unit covering the microwave, he plugged the microwave oven back in to determine if it was operational. The display lit up, the ventilation motor came on and the magnetron tubes lit up.
 {¶ 6} Robertson determined that the microwave oven needed further testing to determine if it was fully operational. He and Coontz filled a bowl of water and placed it in the microwave oven. They turned the microwave oven on to see if it could warm the water. Robertson announced to the workers in the busy food preparation area that he was powering up the microwave oven.
 {¶ 7} At the same time, Appellant was making fish sandwiches in the food preparation area. In order to make the fish sandwiches, Appellant needed to use the tartar sauce gun located on a shelf near where the maintenance workers were repairing the defective microwave oven. As Appellant replaced the tartar sauce gun, her back came close to, or made contact with, the corner of the microwave containing an exposed inner wire that lead to a magnetron. Appellant was shocked by the exposed wire. Coontz pulled the microwave oven away from Appellant and Appellant fell unconscious to the floor. She regained consciousness and was helped to the manager's office. The staff called an ambulance and Appellant was transported to Licking Memorial Hospital. She was diagnosed with second-degree electrical burn injuries with entrance and exit wounds to her back and torso. She was then transferred *Page 4 
to the burn unit at a Columbus hospital where she was hospitalized for at least three days.
 {¶ 8} Appellant filed a workers' compensation claim with the Industrial Commission of Ohio for her injuries sustained on May 26, 2006. The claim was allowed for "effects of electric current; second degree burn of right abdominal wall; second degree burn of right had (nos)."
 {¶ 9} Appellant filed her complaint with the Licking County Court of Common Pleas alleging employer intentional tort against Defendants, McDonald's USA, LLC and Appellee on May 25, 2007. On June 28, 2007, Appellant dismissed her claim against Defendant, McDonald's USA, LLC.
 {¶ 10} Appellee filed a motion for summary judgment on February 15, 2008. The trial court granted Appellee's motion for summary judgment, finding that Appellant's claim for employer intentional tort against Appellee failed under both R.C. 2745.01 and the common law employer intentional tort standard.
 {¶ 11} It is from this decision Appellant now appeals. Appellant raises three Assignments of Error:
 {¶ 12} "I. THE TRIAL COURT ERRED IN FINDING R.C. § 2745.01
CONSTITUTIONAL.
 {¶ 13} "II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT UNDER THE COMMON LAW INTENTIONAL TORT STANDARD AS REASONABLE MINDS COULD CONCLUDE THAT DEFENDANT/APPELLEE COMMITTED AN INTENTIONAL TORT *Page 5 
AGAINST PLAINTIFF/APPELLANT DIRECTLY AND PROXIMATELY CAUSING INJURY TO PLAINTIFF/APPELLANT.
 {¶ 14} "III. THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT UNDER R.C. § 2745.01 AS REASONABLE MINDS COULD CONCLUDE THAT DEFENDANT/APPELLEE COMMITTED AN INTENTIONAL TORT AGAINST PLAINTIFF/APPELLANT DIRECTLY AND PROXIMATELY CAUSING INJURY TO PLAINTIFF/APPELLANT."
 I. {¶ 15} Appellant argues in her first Assignment of Error the trial court erred in finding the current version of R.C. 2745.01
constitutional. R.C. 2745.01, effective April 7, 2005, is the most current attempt of the General Assembly to codify the common law employer intentional tort. The prior version of R.C. 2745.01 has been held unconstitutional. Johnson v. BP Chems., Inc. (1999),85 Ohio St.3d 298, syllabus. By the date of this decision, three courts have also held the current version of R.C. 2745.01 to be unconstitutional. Kaminski v.Metal Wire Prods. Co., 175 Ohio App.3d 227, 2008-Ohio-1521, at ¶ 36
(Seventh District Court of Appeals); Barry v. A.E. Steel Erectors,Inc., 8th Dist. No. 90436, 2008-Ohio-3676, at ¶ 21-27; Fleming v. AASServ., Inc., 177 Ohio App.3d 778, 2008-Ohio-3908, at ¶ 40 (Eleventh District Court of Appeals).
 {¶ 16} Kaminski has been accepted by the Ohio Supreme Court for review. Kaminski v. Metal Wire Prods. Co., 119 Ohio St.3d 1407,2008-Ohio-3880, 891 N.E.2d 768 (Table). Furthermore, the question of the constitutionality of R.C. 2745.01, *Page 6 
as amended by Senate Bill 80, effective April 7, 2005, has been certified to the Ohio Supreme Court. Stetter v. R.J. Corman DerailmentServs., L.L.C., 119 Ohio St.3d 1405, 2008-Ohio-3880.
 {¶ 17} Appellant admits in her brief that she did not raise the issue of the constitutionality of R.C. 2745.01 before the trial court. She raises this argument for the first time on appeal. "Failure to raise at the trial court level the issue of constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time of appeal." State v. Awan (1986), 22 Ohio St.3d 120, syllabus,489 N.E.2d 277. The waiver doctrine announced in Awan is discretionary. In reM.D. (1988), 38 Ohio St.3d 149, 151, 527 N.E.2d 286, 288. See alsoState v. Longpre, Ross Co. App. No. 08CA3017, 2008-Ohio-3832 (applying waiver doctrine to Senate Bill 10).
 {¶ 18} Our review of the trial court's judgment entry granting Appellee's motion for summary judgment shows the trial court acknowledged Kaminski and its finding that R.C. 2745.01 was unconstitutional. The trial court went on to analyze Appellant's employer intentional tort claim under both the statute and the common law, finding that under either application, Appellant's claim failed as a matter of law. As Appellant did not raise the issue of the constitutionality of R.C. 2745.01 before the trial court, we find the trial court did not err in not making a sua sponte determination that the current version of R.C. 2745.01 was unconstitutional.
 {¶ 19} Further, because Kaminski is pending before the Ohio Supreme Court, we will analyze this case under R.C. 2745.01 as well as under the factors set forth by Fyffe *Page 7 v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, which are less stringent than the factors in the current version of R.C. 2745.01.
 {¶ 20} Appellant's first Assignment of Error is overruled.
 II., III. {¶ 21} Appellant argues in her second and third Assignments of Error the trial court erred in granting summary judgment in favor of Appellee. Summary judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio inState ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 22} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 23} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35. *Page 8 
 {¶ 24} In Appellant's second Assignment of Error, she argues the trial court erred in finding Appellant's claim for employer intentional tort failed as a matter of law under the common law employer intentional tort analysis. As stated above, a common law employer intentional tort is analyzed under the factors set forth in Fyffe:
 {¶ 25} "[I]n order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Fyffe, supra. at paragraph one of the syllabus. (Citations omitted.)
 {¶ 26} As to the first prong in Fyffe, we find that construing the facts most strongly in Appellant's favor, there could be a question of material fact as to whether Appellee had knowledge of a dangerous process, procedure, instrumentality or condition within its business operation. Appellee's maintenance workers repaired the malfunctioning microwave oven, which included removing the housing unit and exposing the electrical wires, in the busy food preparation area of the restaurant.
 {¶ 27} Appellant must next demonstrate knowledge by the Appellee that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty. *Page 9 
Appellant must show that the Appellee's conduct was more then mere negligence or recklessness. In Fyffe, the Court explained:
 {¶ 28} "To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent." Id. at paragraph two of the syllabus. (Citations omitted.)
 {¶ 29} The Court further explained that, "acts of the employer that are termed a `high risk' of harm, or `where the risk is great' could, in most instances, correctly be viewed as acts of recklessness. However, in a given instance, and within a certain fact pattern, such acts could equate to one that is substantially certain to result in harm to the employee, and reasonably raise a justiciable issue of an intentional tort." Id. at 117.
 {¶ 30} In Gibson v. Drainage Products, Inc., 95 Ohio St.3d 171,2002-Ohio-2008, the Ohio Supreme Court instructed us that cases involving workplace intentional torts must be judged on the totality of the circumstances surrounding each accident. Gibson at ¶ 27. The focus is the employer's knowledge of the risk of injury. The employee must show that the employer possessed "actual knowledge" that injury to the employee *Page 10 
was a substantial certainty. Sanek v. Durakote Corporation (1989),43 Ohio St.3d 169, 172. This requires proof beyond that is required to establish negligence or recklessness, and mere knowledge or appreciation of a risk does not prove intent. An intentional tort action is limited to egregious cases where the employer had knowledge that an injury to an employee is substantially certain to occur. Id.
 {¶ 31} We find upon review of the Civ. R. 56 evidence, Appellant has failed to demonstrate there is a genuine issue of material fact that Appellee knew it was a substantial certainty that Appellant would be electrocuted by the microwave oven while it was being repaired. Appellee first argues there is no evidence of similar prior accidents. To establish whether the employer knows an injury is substantially certain to occur, prior accidents are probative. Taulbee v. Adience, Inc.
(1997), 120 Ohio App.3d 11, 20. "In the final analysis," however, "absent some other evidence indicating that injury is substantially certain to occur, such as a number of prior accidents resulting from the dangerous condition, a determination of substantial certainty turns in large part on the nature of the dangerous condition." Id. at 21.
 {¶ 32} Appellant argues there is a genuine issue of material fact regarding Appellee's actual knowledge that injury could occur by analogizing to cases where an employer removes a protective device or safety guard from a piece of equipment used by the employee. The removal of a safety guard is not determinative of substantial certainty, but it is a factor to be considered in the analysis. Jackson v. AstroShapes,Inc. (Feb. 29, 2000), Mahoning App. No. 98 CA 179. As stated by the trial court, however, the present case can be differentiated from that factual scenario because in this case, Appellant testified that she was not required as part of her job duties to use *Page 11 
the microwave oven when the housing was removed during its repair. (Appellant Depo., p. 47). We find the factual circumstances demonstrate that Appellee's act of activating the microwave oven while the housing unit was removed in the food preparation area may rise to the level of negligence or recklessness, but does not provide evidence that harm was a substantial certainty.
 {¶ 33} "There are many acts within the business or manufacturing process which involve the existence of dangers, where management fails to take corrective action, institute safety measures, or properly warn the employees of the risks involved. Such conduct may be characterized as gross negligence or wantonness on the part of the employer. However, in view of the overall purposes of our Workers' Compensation Act, such conduct should not be classified as an `intentional tort' * * *."Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 117.
 {¶ 34} The final element requires that Appellant show that Appellee, under such circumstances and with such knowledge, did act to require the employee to continue to perform the dangerous task. As stated above, Appellant testified in her deposition that she was not required to use the microwave oven while its housing was removed for its repair. (Appellant Depo., p. 47). Appellant was engaged in her job duties of food preparation that utilized other pieces of restaurant equipment. Robertson further testified that after the accident, the housing unit of the microwave oven was reattached and the oven placed back into operation without further incident. (Robertson Depo., p. 49). *Page 12 
 {¶ 35} As such, we find that viewing the evidence in a light most favorable to Appellant, reasonable minds can but only conclude that Appellee is entitled to judgment as a matter of law on Appellant's common law claim for employer intentional tort.
 {¶ 36} The trial court also analyzed Appellant's claim under R.C. 2745.01. In her third Assignment of Error, she argues the trial court erred in granting summary judgment in favor of Appellee under this analysis. As stated above, R.C. 2745.01 codifies the common law employer intentional tort. The statute is entitled "employer's liability for intentional tort" and provides, in pertinent part:
 {¶ 37} "(A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.
 {¶ 38} "(B) As used in this section, `substantially certain' means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.
 {¶ 39} "(C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result."
 {¶ 40} As a codification of the common law employer intentional tort, R.C. 2745.01 also requires evidence that the employer knew that the injury was substantially *Page 13 
certain to occur. Pursuant to our analysis above, we find that there are no genuine issues of material fact that Appellee knew that removal of the microwave housing unit for repair was substantially certain to cause injury to an employee.
 {¶ 41} Appellant argues that there does exist a claim for employer intentional tort pursuant to R.C. 2745.01(C) wherein the housing unit of the microwave oven can be defined as an equipment safety guard. Removal of the safety guard by the employer creates a rebuttable presumption that the removal was committed with intent to injure the employee if an employee is injured as a direct result. Assuming arguendo that the housing unit of the microwave oven can be considered an equipment safety guard, we find the evidence presented rebuts the presumption that the removal of the housing unit was committed with the intent to injure the employee.
 {¶ 42} Robertson testified that the microwave oven was not functioning and in order to make the repair, he had to remove the housing unit covering the microwave. (Robertson Depo., p. 24). Once he made the repair, he activated the microwave oven to make sure it was operational. Id. at 34. After the accident, Robertson reattached the housing unit and placed the microwave oven back into operation. Id. at 49. During the repair of the microwave oven, Appellee's employees did not use the microwave oven for food preparation nor were they required to use the microwave oven for food preparation. (Appellant Depo., p. 47, 58). Based upon such evidence, we find that Appellant's arguments fail as a matter of law under R.C. 2745.01(C).
 {¶ 43} Appellant's second and third Assignments of Error are overruled. *Page 14 
 {¶ 44} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
 Delaney, J., Gwin, P.J., and Farmer, J., concur. *Page 15 
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1